W. C. SCOTT *et al.* Executors, *v.* JOHN M. MEADOWS.

CONTRACT FOR RENT. *Rent payable in goods.* A contract made by executor, renting the property of testator, the rent payable in goods instead of money, is good between the immediate parties.

### FROM WEAKLEY.

Appeal in error from the Circuit Court of Weakley county. CLINTON ADEN, J.

M. D. CARDWELL and B. F. ROSS for Scott.

H. H. BARR for Meadows.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiffs sued defendant on two accounts for rent, one for the year 1880, the other for the year 1881. The property rented was a store house and dwelling in Dresden. The justice rendered judgment against defendant and he appealed to the circuit court, and the two causes were consolidated and heard upon the same evidence in said court. The circuit judge, without a jury, rendered judgment in favor of the defendant, and taxed plaintiffs with the cost, and they have appealed in error to this court.

The defense to the suits was that the rents were payable in goods, and that plaintiff had made no demand nor given any notice of time or place of delivery, and no time or place was fixed by the contract, and defendant was always ready to pay, etc.

Scott *v.* Meadows.

There was evidence, *pro* and *con,* as to whether the rent was payable in money or goods, and the circuit judge found, as a fact, that the preponderance of the evidence showed it was a property contract, and fell within the provisions of sections 2549, 2550, of the Code (new), requiring notice to deliver or pay, and demand, if no notice is given, before suit was brought. No notice having been given, or demand made, the suit was dismissed.

It has been argued here that as the suit is by executors, under a clause of their testator's will, that the property shall be rented for ten years, such executors have no power to rent for any thing but money. On the other hand it is said, there being no express authority to the executors to rent, they can not sue for the rent.

But between the immediate parties to the contract, we hold they are bound by its terms, nor are we prepared to say, if the executors have the power to rent, without words limiting the character of the renting, that they may not rent for cash or trade at their election, as may be in their judgment best for the beneficial owners of the property.

The exceptions to the report of the Referees will be sustained, and the judgment of the circuit court affirmed, but suit is dismissed without prejudice to sue on the contract as construed.